WEISS & LURIE
Jordan L. Lurie (130013)
jlurie@weisslurie.com
Zev B. Zysman (176805)
zzysman@weisslurie.com
Joel E. Elkins (256020)
jelkins@weisslurie.com
10940 Wilshire Blvd, 23rd Floor
Los Angeles, CA 90024
Telephone: (310) 208-2800
Facsimile: (310) 209-2348

*Attorneys for Plaintiff and the Proposed Class*
*[Other counsel appear on signature page]*

FILED
2011 JUN -7 P 4:19
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

LB

| | |
|---|---|
| EDWARD KOELLER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TEXTMARKS, INC, a California Corporation; HEARTLAND AUTOMOTIVE SERVICES INC., a Minnesota corporation; and JIFFY LUBE INTERNATIONAL, INC., a Delaware corporation<br><br>Defendants. | Case No. CV 11 2773<br><br>Class Action<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. Ed Koeller ("Plaintiff") brings this complaint against Textmarks, Inc., Heartland Automotive Services Inc., and Jiffy Lube International, Inc. ("Defendants") for damages, injunctive relief, and any other legal or equitable remedies from the illegal actions of Defendants sending unsolicited text messages to plaintiff's cellular phone in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq.*

2. Plaintiff, for his class action complaint, alleges as follows upon personal knowledge as to himself and his own experience, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

3. The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(d) because (a) Plaintiff seeks relief on behalf of a national class action, which will result in at least one class member belonging to a different state than that of Defendants and (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs since Plaintiff seeks up to $1,500 in damages for each violation of the TCPA which when aggregated among the proposed class of ten of thousands exceeds the $5,000,000 threshold for federal court jurisdiction, and (c) none of the exceptions under that subsection apply to this action. All the items of the Class Action Fairness Act of 2005 ("CAFA") are present and this Court has jurisdiction.

4. The Court has personal jurisdiction over the Defendants because under Cal. Code Civ.. Proc §410.10 certain of the acts alleged herein were committed in California and specifically the Northern District of California.

5. Venue is proper in the United States District Court for the Northern District of California pursuant to U.S.C. §1391(b) and 1441(a) because the text message calls at issue were transmitted nationwide from within this District. TextMarks Inc., the company that dissemintated the text messages, is located in this District. Furthermore, Jiffy Lube International, Inc. does business within the State of California and within this judicial district. In addition, Heartland Automotive Services has multiple service centers throughout the State

and regularly conducts business in this District.

6. The acts in controversy to this claim originated in the County of San Francisco. Under local rule 3-2(c), this civil action should be assigned to the San Francisco division of the Northern District of California.

**PARTIES**

7. Plaintiff is, and all times mentioned herein was, an individual citizen and resident of the State of Missouri. Plaintiff is, and all times mentioned herein was a, "person(s)" as defined by 47 U.S.C. §153(10).

8. Defendant TextMarks Inc. ("TextMarks") is a California corporation that maintains its principal place of business at 2235 Octavia Street, San Francisco, California 94109. It does business throughout the United States, including within this District.

9. Jiffy Lube International ("Jiffy Lube") is a Delaware Corporation that maintains its principal place of business at 700 Milam, Houston, Texas 77002. It does business throughout the United States, including in California and within this District.

10. Defendant Heartland Automotive Service ("Heartland") is a Minnesota corporation with its principal place of business at 105 Decker Court, Irving, TX 75062 and promotes itself as "America's Largest Jiffy Lube Franchisee." Heartland owns and operates service centers throughout the country, including in California and Missouri.

**COMMON ALLEGATIONS OF FACT**

11. Companies and marketers who have been stifled by federal laws that limit solicitation by telephone, facsimile machine, and e-mail have looked to alternative technologies to accomplish bulk solicitations cheaply and effectively.

12. A recent trend in sending cheap unsolicited messages is to advertise through Short Message Service ("SMS") which is a messaging system that allows cellular telephone subscribers to use their cellular telephone to send and receive short text messages, usually limited to 160 characters.

13. A "SMS message" is a text message call directed to a cellular telephone through the use of the user's phone number. When the SMS message is sent it rings on the recipient's

cellular telephone alerting him that an SMS has been received. Since most people carry their cellular telephone with them everywhere, this type of communication is very effective.

14. Unlike email spam, wireless SMS/text message spam costs the recipient money because often cell phone users pay their wireless service provider either for each text message sent or received or for a text-message plan that limits the users to a preset number of text messages, and any amount above that the user will be charged at a higher rate per text message. The text messages are charged to the recipient regardless of whether or not the recipient authorized to receive the text message. Accordingly, SMS/text-message spam is much more harmful than email span because the sender and/or spammer can actually obligate the recipient to pay for text messages they never wanted or authorized.

15. Beginning in 2011, Defendants and their agents directed the mass transmission of wireless spam to cell phones nationwide, hoping that these unsolicited text messages would result in customers to Defendants Heartland and Jiffy Lube's "eClub" and "Signature Oil Change" services.

16. On April 22, 2011 Plaintiff received an unsolicited text message advertisement from Defendant sent to Plaintiff's cellular telephone number.

17. The telephone identification number provided in the text message read "Text from 723-45" The text message stated:

**Jiffy Lube customers 1-time offer: Rply Y to join our eClub for 45% off a Signature Service Oil Change!**

**STOP to unsub**

**Msg&data rates may aply**

**T&C: jiffytos.com**

18. Defendant contacted Plaintiff on Plaintff's cellular telephone via an "automatic telephone dialing system," as defined by 47 U.S.C. §227(a)(1).

19. TextMarks transmitted the above text message to Plaintiff at the direction of Defendants Jiffy Lube and Heartland. TextMarks has also sent mass text messages on behalf of Jiffy Lube to other class members during that same period. In a posting on its support page, the

company admits that "we sent an invitation to all existing Jiffy Lube customers" on or before April 21, 2011.

20. Defendants' use of an SMS text message enabled Defendants' mass transmission of wireless spam to a list of cellular telephone numbers.

21. By sending this unsolicited text message, Defendants used an "automatic dialing system" to make "any call" to "any telephone number assigned to a … cellular telephone service" as provided in 47 U.S.C. §227(b)(1)(A)(iii).

22. The telephone number Defendants called and/or sent the unsolicited text message was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

23. These telephone calls and/or unsolicited text messages constituted a call that was not for emergency purposes as defined by 47 U.S.C. §227(b)(1)(a)(i).

24. Plaintiff did not provide prior conspicuous and express consent to receive calls and/or unsolicited text messages on Plaintiff's cellular telephone, pursuant to 47 U.S.C §227(b)(1)(A).

25. The text messages by Defendants violated 47 U.S.C. §227(b)(1).

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this suit as a class action on behalf of himself and on behalf of others similarly situated pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3).

27. Subject to additional information obtained through further investigation and/or discovery, the foregoing definition of the Class may be expanded or narrowed. The proposed Class consists of:

*All persons in the United States and its Territories who received one or more unauthorized text message advertisement by or on behalf of Defendants.*

28. This action has been brought and may properly be maintained as a class action pursuant to Fed. R. Civ. Pro. 23 and case law thereunder.

29. **Numerosity**: Upon information and belief, there are hundreds, if not thousands, of members of the Class such that joinder of all members is impracticable.

30. **Commonality**: Common questions of law and fact exist as to all members of the Class. These common questions predominate over the questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

a. Were Defendants responsible for the dissemination of the text messages described herein?

b. Did Defendants employ an automatic telephone dialing system to disseminate the text messages described herein?

c. Did the text messages described herein qualify as "for emergency purposes" under 47 U.S.C. §227?

d. Did Defendants have a policy of obtaining consent to send text messages from its customers?

e. Did the consent form obtained, if any, qualify as "express consent" under 47 U.S.C. §227?

f. Does Defendants' distribution of the text messages described herein violate 47 U.S.C. §227?

g. Are the Class members entitled to treble damages based on the willfulness of Defendants' conduct?

These and other questions of law or fact which are common to the members of the Class predominate over any questions affecting only individual members of the Class.

31. **Typicality**: Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct. Plaintiff, like other members of the Class, received an unsolicited spam text message from Defendants. Plaintiff is advancing the same claims and legal theories on behalf of himself and all absent members of the Class.

32. **Adequacy**: Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses.

33. Plaintiff is similarly situated in interest to all of the members of the proposed Class and is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class actions. Accordingly, Plaintiff is an adequate representative of the proposed Class and will fairly and adequately protect the interests of the Class.

34. Plaintiff explicitly reserves the right to add additional class representatives, provided that Defendants are given an opportunity to conduct discovery on the chosen representative(s). Plaintiff will identify and propose class representatives with the filing of Plaintiff's motion for class certification.

35. This suit also may be maintained as a class action under Fed. R. Civ. Pro. 23(b)(2) because Defendants have acted, and/or have refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief. Specifically, injunctive relief is necessary and appropriate to require Defendants to: discontinue sending unsolicited and unauthorized spam text messages to the public.

36. **Superiority:** In addition, this suit may be maintained as a class action under Fed. R. Civ. Pro. 23(b)(3) because a class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The claims asserted herein are applicable to all customers throughout the United States who received an unsolicited spam text message from Defendants. The injury suffered by each individual class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class could afford such litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision

by a single court.

37. Adequate notice can be given to Class members directly using information maintained in Defendants' records or through notice by publication.

38. Unless a class is certified, Defendants will continue to use illegal advertising methods to contact the public which in return costs money to innocent recipients of their advertisements. Unless a classwide injunction is issued, Defendants will continue to commit the violations alleged, and the members of the public will continue to be misled.

## FIRST CAUSE OF ACTION

**Negligent Violation of the Telephone Consumer Protection Act 47 U.S.C. §227**
**(Alleged as to all Defendants)**

39. Plaintiff incorporates by reference all of the above paragraphs of this Complain as though fully stated herein.

40. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §227 *et seq.*

41. As a result of Defandants' negligent violations of 47 U.S.C. §227, *et seq.*, Plaintiff and the Classes are entitled to an award of at least $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

42. Plaintiff and the Classes are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violation of the**
**Telephone Consumer Protection Act 47 U.S.C. §227**
**(Alleged as to all Defendants)**

43. Plaintiff incorporates by reference all of the above paragraphs of this Complain as though fully stated herein.

44. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §227, *et seq.*

45. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. §227, *et seq.*, Plaintiff and the Classes are entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(c).

46. Plaintiff and the Classes are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class Members the following relief against Defendant:

1. As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff seeks for himself and each class member $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C §227(b)(3)(B).

2. As a result of Defendant's willful and/or knowing violations of 47 U..C. §227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U..C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

3. Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief as necessary.

4. Any other relief the Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury as to all issues so triable.

Dated: June 7, 2011

WEISS & LURIE
Jordan L. Lurie
Zev B. Zysman
Joel E. Elkins

By: ______________________
Jordan L. Lurie
10940 Wilshire Blvd., 23rd Floor
Los Angeles, CA 90024
Telephone: (310) 208-2800

LAW OFFICES OF STEFAN COLEMAN, PLLC
Stefan Coleman
1072 Madison Ave, Suite 1
Lakewood, NJ 08701
Telephone: (877) 333-9427

*Attorneys for Plaintiff and the Proposed Class*